UNITED STATES DISTRICT COURT         O
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **GERMAN HERNANDEZ-LOPEZ** | § | |
| *Petitioner*, | § | |
| **VS.** | § | **CIVIL ACTION NO. L-08-140** |
| | § | **CRIMINAL ACTION NO. L-06-1612** |
| | § | |
| **UNITED STATES OF AMERICA** | | |
| *Respondent*. | | |

## OPINION & ORDER

Pending before the Court is German Hernandez-Lopez's ("Hernandez-Lopez") Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody under 28 U.S.C. § 2255. [Dkt. No. 1].[1]  The Court has reviewed carefully all pertinent matters in this case.  The Court concludes that it is not necessary to order the Government to respond because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  28 U.S.C. § 2255, Proc. R. 4(b); *see also United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983).   Having duly considered the petition, supporting memorandum, and applicable law, Hernandez-Lopez's petition is **DENIED**.

## I.    JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §2255.  *See* 28 U.S.C. § 2255 (2006).  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996) governs § 2255 motions.  Before AEDPA, criminal defendants could file motions attacking their conviction and sentence under 28 U.S.C. § 2255 at any time.  By contrast, after the AEDPA, movants under § 2255 are subject to a one-year statute

---

[1]  "Dkt. No." refers to the docket number entry for the Court's electronic filing system.  The Court will cite to the docket number entries rather than the title of each filing.  "Dkt. No." will be used to refer to filings in case number 5:08-cv-140.  Unless otherwise noted, "Cr. Dkt. No." will be used to refer to filings in criminal case number 5:06-cr-1612.

of limitations period.  *See* 28 U.S.C. §2255(f)(1). Affording Hernandez-Lopez every benefit, Hernandez-Lopez's motion is timely because it was filed within one year of the date on which his judgment of conviction became final.[2]

## II.    FACTS AND PROCEEDINGS

### A.    The Underlying Conviction

On November 4, 2006, U.S. Border Patrol agents encountered Hernandez-Lopez, a Guatemalan citizen, walking with other undocumented aliens south of Hebronville, Texas.  The agents arrested Hernandez-Lopez when they determined he was an illegal alien.  [Pre-Sentence Investigation Report ¶ 6].  On November 26, 2006, a federal grand jury in Laredo, Texas returned a one-count indictment against Hernandez-Lopez for illegal re-entry after being deported from the United States in violation of Title 8, United States Code, Section 1326, and Title 6, United States Code, Sections 202 and 557.  [Cr. Dkt. No. 5].  Hernandez-Lopez decided to forego trial and entered a plea of guilty to the indictment before United States Magistrate Judge Adriana Arce-Flores.  [Minute Entry of 2/08/2007].  The Court accepted Hernandez-Lopez's plea.  [Cr. Dkt. No. 20].

---

[2] The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting *pro se* as is the case here. Under this rule, the date when prison officials receive the pleading from an inmate for delivery to the court is considered the date of filing for statute of limitations purposes.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (a document is deemed filed when it is delivered to prison authorities for mailing by a *pro se* prisoner); *United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992) (extending benefit of *Houston v. Lack* to *pro se* prisoners in § 2255 proceedings); *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000). Hernandez-Lopez's petition was filed by the Clerk of Court on October 27, 2008—a date long after the one-year statute of limitations. The petition, however, is dated February 4, 2008 and contains Hernandez-Lopez's signature. [Dkt. No. 1 at 9].  February 4, 2008 would fall well within the one-year statute of limitations period that began to run ten days after judgment was entered on April 26, 2007.  *See* FED. R. APP. P. 4(b)(1) (setting 10-day period for filing notice of appeal after entry of judgment); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000) (*per curiam*) (judgment becomes final when applicable period for seeking review of a final conviction has expired).  The Court has serious doubts about whether Hernandez-Lopez delivered his petition on February 4, 2008.  Nevertheless, the Court will afford Hernandez-Lopez every benefit as a prisoner acting *pro se* and deem his motion filed on February 4, 2008.  *See Houston*, 487 U.S. at 276.

On April 24, 2007, Hernandez-Lopez appeared before this Court for sentencing. In its Pre-Sentence Investigation Report, the U.S. Probation Office noted that Hernandez-Lopez had been convicted of a felony, sexual assault of a child in Colfax County, Nebraska in 2003. [Pre-Sentence Investigation Report ¶14 & Attachments]. The United States Sentencing Guidelines directs that if a defendant was previously deported after a conviction of a felony that is a crime of violence, the base offense level should be increased by sixteen levels. The Court made note of this previous conviction. The Court also stated that it knew that it could "sentence outside the guidelines and can take into account anything else it thinks the Guidelines haven't taken into account or something that is extra-ordinary about your particular case." [Digital Recording of April 24, 2007, Sentencing Hearing ("S. Rec.") at 9:23-9:24 a.m.]. The Court then considered the Sentencing Guidelines along with other factors and concluded that a sentence of thirty-nine (39) months satisfied those factors. [Minute Entry of 4/24/07; S. Rec. 9:12-9:25 a.m.].

**B.     The Current Petition**

In his § 2255 petition pending before the Court, German Hernandez-Lopez argues that he received ineffective assistance of counsel for a myriad of reasons. [Dkt. No. 1]. The Court will construe Petitioner's complaint liberally, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), and consider each facet of the Petition in turn. First, Hernandez-Lopez asserts that his counsel "failed to properly investigate Movant's prior history prior to plea agreement [and] to investigate any history of aggravating felonies that would cause an enhancement." [*Id.* at 5]. Second, Hernandez-Lopez claims that his counsel did not raise the argument that *United States v. Booker* requires that he be resentenced using all of the 18 U.S.C. § 3553(a) factors and not just the sentencing guidelines. [*Id.* at 6-7]. Interrelated to this argument, Hernandez-Lopez states that the court needs to address "the sentencing disparities found in illegal reentry cases." [*Id.*]. Third, Hernandez-Lopez contends that his counsel should have objected to the Court's

application of a sixteen level enhancement for a prior conviction under the United States Sentencing Guidelines.  [*Id.* at 7-8].  Specifically, he asserts that "because the indictment and plea colloquy were repeatedly stated in the disjunctive they do not unequivocally establish that he is guilty of conduct that qualifies for the enhancement."  [*Id.*].

## III.    DISCUSSION

### *1.* **Alleged Failure to Investigate Prior Criminal History prior to Plea Agreement**

Hernandez-Lopez first asserts that his counsel was ineffective by not investigating his prior conviction used for enhancement purposes.  [Dkt. No. 1 at 5-6].  But Hernandez-Lopez cannot show prejudice under the *Strickland* test in light of the Court's specific admonitions and his affirmative responses at his re-arraignment.  At the re-arraignment hearing, Hernandez-Lopez was advised that the count to which he was pleading guilty carried a statutory maximum term of imprisonment of twenty years and he replied that he understood the statutory maximum.  [Digital Recording of February 8, 2007, Re-arraignment Hearing at 10:07-10:08 a.m.].  This statutory maximum was also set out in Hernandez-Lopez's plea agreement which he signed. [Cr. Dkt. No. 17].  This statutory maximum applies to defendants with a prior conviction of a crime of violence.  The fact that Hernandez-Lopez "neither refused to enter his plea nor voiced any objection when confronted with this information precludes him from arguing that he pled guilty in reliance upon some alternative characterization of his exposure given to him by his counsel." *United States v. Bjorkman*, 270 F.3d 482, 503 (7th Cir. 2001), *cert. denied* 535 U.S. 1095 (2002); *see also Spinelli v. Collins*, 992 F.2d 559, 561 (5th Cir. 1993) (noting that unfulfilled subjective expectations of counsel and defendant regarding possible sentence length do not render an otherwise valid plea involuntary).  Further, even if counsel did not investigate his prior criminal history, Hernandez-Lopez knew about his prior criminal history.  The Fifth Circuit has stated that

"[i]n general, counsel is not ineffective for failing to discover evidence about which the defendant knows but withholds from counsel." *Lackey v. Johnson,* 116 F.3d 149, 152 (5th Cir. 1997) (citing *Randle v. Scott*, 43 F.3d 221, 225 (5th Cir.), *cert. denied*, 515 U.S. 1108 (1995)). For these two reasons, Hernandez-Lopez's first argument fails.

### 2. *Booker* Error

Hernandez-Lopez next asserts that his attorney should have objected to the Court treating the Sentencing Guidelines as mandatory, not advisory when the Court sentenced him. [Dkt. No. 1 at 6]. He asserts that *United States v. Booker*, 543 U.S. 220 (2005), requires that a Court must sentence using all of the factors listed in 18 U.S.C. § 3553(a) and not just the sentencing guidelines. [*Id.*].

It is true that if the Court had considered the Sentencing Guidelines to be mandatory, the Court would have violated the Supreme Court's holding in *Booker*.  543 U.S. 220.  However, this Court did not sentence Hernandez-Lopez under a mandatory guideline system.  At the sentencing hearing, the Court stated, "The Court knows that it can sentence outside the guidelines and can take into account anything else it thinks the Guidelines haven't taken into account or something that is extra-ordinary about your particular case.  Family need is always a consideration."  [Digital Recording of April 24, 2007 Sentencing at 9:23-9:24 a.m.].  The Court then continued on to note that it thought a sentence of thirty-nine months, a sentence within the guideline range was appropriate because it considered Hernandez-Lopez's criminal history and his individual circumstances among other factors.  [*Id.*]  There is no indication on the record that the Court applied the Guidelines in a mandatory fashion.  *See United States v. Alonzo*, 435 F.3d 551, 553 (5th Cir. 2006) (noting that post-*Booker* absent evidence that the sentencing court erroneously considered itself bound by the Sentencing Guidelines the Court of Appeals will presume that the district court applied them in a discretionary manner and a "sentence within a

properly calculated Guideline range is presumptively reasonable"). Therefore, Hernandez-Lopez's argument fails and counsel did not act unreasonably in failing to raise this argument.

### 3. Alleged Sentencing Disparities Found in Illegal Re-Entry Cases

The Court liberally construes Hernandez-Lopez's next argument to be that his counsel was deficient for failing to request an additional reduction in sentence to avoid disparity between his sentence and the sentence of other defendant's who participate in a "fast-track program." [Dkt. No. 1 at 6]. Hernandez-Lopez avers that "under 18 U.S.C. § 3553(a) the sentencing court needs to address the sentencing disparities found in illegal re-entry cases . . ." [*Id.*].

The Fifth Circuit has consistently rejected this argument. *United States v. Aguirre-Villa*, 460 F.3d 681, 682 (5th Cir.), *cert. denied*, 127 U.S. 3053 (2007) (holding that a sentencing court's refusal to consider and factor in the sentencing disparity caused by early disposition programs does not render a sentence unreasonable); *United States v. Ocampo-Mejia*, 281 Fed. App'x. 357, 357-58 (5th Cir. June 10, 2008) (rejecting claims by an illegal re-entry defendant that the sentence imposed by the district court was unreasonable compared with fast-track programs and that *Aguirre-Villa* wrongly constrained the district court from deviating from the Guidelines based on a disagreement with guidelines policy). This argument is without merit, thus, counsel did not act unreasonably in not raising this argument at sentencing.

### 4. Sixteen-Level Enhancement for a Prior Conviction

Hernandez-Lopez argues that his counsel should have challenged the Court's enhancement of his sentence for a prior conviction by sixteen levels under § 2L1.2(b)(1)(A)(ii) of the United States Sentencing Guidelines. [Dkt. No. 1 at 7]. The Supreme Court's decision in *Alemdarez-Torres v. United States*, 523 U.S. 224 (1998), however, forecloses Hernandez-Lopez's challenge to the use of his prior aggravated felony conviction as a sentencing factor. In *Alemdarez-Torres*, the Supreme Court held that Congress intended that a prior felony conviction

be a sentencing enhancement factor that a judge should determine and not an element of the offense that must be pled in the indictment and proved beyond a reasonable doubt. *Id.* at 235; *see also United States v. Garcia-Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, 546 U.S. 919 (2005). The Court here correctly considered Hernandez-Lopez's prior conviction for sexually assaulting a child. The Court also correctly enhanced Hernandez-Lopez's base level offense by sixteen levels. Section 2L1.2(b)(1)(A)(ii) of the Sentencing Guidelines states that a Court should increase a base offense level of eight by sixteen levels for a crime of violence if the defendant previously was deported from the United States. A conviction under Nebraska Statute § 28-320.01 for sexual assault of a child is a crime of violence. *United States v. Alas-Castro*, 184 F.3d 812 (8th Cir. 1999) (holding a crime committed under Nebraska statute § 28-320.01 criminalizing sexual contact between an adult and a minor a crime of violence for sentencing purposes). In sum, it would have been futile for Hernandez-Lopez's lawyer to object to a sixteen level enhancement. Thus, Hernandez-Lopez's argument fails.

## IV.    CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Amend Judgment is **DISMISSED with prejudice**. Any future request for a certificate of appealability is **DENIED**.

IT IS SO ORDERED.

DONE this 12th day of December 2008, in Laredo, Texas.

Micaela Alvarez
UNITED STATES DISTRICT JUDGE